| | |
|---|---|
| TATTLE TALE PORTABLE ALARM SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CALFEE, HALTER & GRISWOLD, LLP, et al., <br><br> Defendants. | UNITED STATES DISTRICT COURT <br> DISTRICT OF NEW JERSEY <br><br> Hon. Jose L. Linares <br> Civil Action No. 11-7013 (JLL) <br><br><br> OPINION |

This matter comes before the Court on plaintiff TattleTale Portable Alarm Systems, Inc.'s ("TattleTale") motion to compel non-party Honeywell International ("Honeywell") to produce documents responsive to a subpoena. For the reasons set forth below, TattleTale's motion to compel is denied.

**I. BACKGROUND**

In the underlying legal malpractice action, currently pending in the Southern District of Ohio, *TattleTale Portable Alarm Systems, Inc. v. Calfee, Halter & Griswold*, *et al.,* No. 06CVA-08-10216 (S.D. Ohio 2010), TattleTale alleges that its patent counsel failed to ensure payment of a maintenance fee, resulting in the loss of a valuable patent. (Mot. to Compel at 2, ECF 1-1.) Because TattleTale's patent expired, TattleTale has been unable to enforce the patent and has suffered damages. (*Id.*) To calculate the amount of damages it has suffered, TattleTale seeks sales information from Honeywell for products covered by the expired patent. (*Id.*)

TattleTale issued a subpoena *duces tecum* on August 25, 2011, addressed to "Honeywell International, 101 Columbus Road, Mailstop - M6/LM, Morristown, New Jersey 07962." (*Id.* at

2, Ex. A, ECF No. 1-2.)  The subpoena requests production of "[a]ll documents showing revenue received related to the Lynx family of wireless security products from their inception to the present."  (*Id.*)  The subpoena also directs Honeywell to produce these documents at a law firm in Columbus Ohio.  (*Id.*)

Honeywell responded to the subpoena on September 9, 2011, with formal objections.  (Mot. to Compel at 2, Ex. B,  ECF No. 1-2.)  In response, TattleTale provided Honeywell with a draft confidentiality agreement and a "more narrowly tailored" document request.  (Mot. to Compel at 3, Ex. C, ECF No 1-2.)  Defendants claim that TattleTale's response actually "expanded the reach of its subpoena."  (Opp'n at 7, ECF No. 5-1.)

On September 19, 2011, James McAward, a director for Honeywell, met with Brian Hess, the President and founder of TattleTale.  (Opp'n at 8, McAward Decl. ¶ 4, ECF No. 5-1.)  McAward and Hess discussed forming a business relationship, but Honeywell declined to provide TattleTale with specific information about Honeywell's sales of self-contained security systems because Honeywell and TattleTale did not have a non-disclosure agreement in place.  (Opp'n at 8, McAward Decl. ¶ 5, ECF No. 5-1.)

The parties continued to discuss the document request.  (Mot. to Compel at 3, ECF No. 1-1; Opp'n at 9-10, ECF No. 5-1.)  TattleTale addressed the subpoena directly with McAward who expressed that the sales information was readily available and had been provided to satisfy these types of requests in the past. (Mot. to Compel at 7, Ex. E, ECF No. 1-2; Opp'n at 9, ECF No. 5-1.)  Honeywell's counsel eventually agreed to provide the requested information provided that TattleTale provide assurances that it would not assert patent or other intellectual property claims against Honeywell relating to the products about which Honeywell produced information.  (Mot.

to Compel at 3, Ex. F, ECF No. 1-2; Opp'n at 9-10, ECF No. 5-1.)  TattleTale was unwilling to waive its rights to bring suit against Honeywell for violating any patents.  (Mot. to Compel at 4, Ex. G, ECF No. 1-2.)

On November 28, 2011, TattleTale filed the instant motion to compel.  On December 12, 2011, Honeywell's counsel made one final attempt to discuss the subpoena.  In a letter, counsel restated Honeywell's position that the documents requested were irrelevant to the claims in the underlying action, the protective order failed to include an attorney's-eyes-only provision, and that responding to the request would be burdensome.  (Opp'n at 10-11, Ex. E, ECF No 5-2.)

After the motion was fully briefed, the Court ordered the parties to submit supplemental memoranda of law addressing the Court's jurisdiction to enforce the subpoena.  (Order, Mar. 8, 2012, ECF No. 8.)  In response, Honeywell submitted a letter brief arguing that the subpoena is facially defective for commanding Honeywell to produce documents outside of the issuing district.  (Letter Br., Mar. 15, 2012, ECF No. 9.)  Tattletale did not file a supplemental memorandum.

## II.  ARGUMENTS

TattleTale argues that Honeywell should be compelled to produce the documents because the information is highly relevant to the damages calculation in the underlying legal malpractice action.  (Mot. to Am. at 5, ECF No. 1-1.)  TattleTale also contends that the information is not available from other sources.  (Mot. to Am. at 5, ECF No. 1-1.)  In addition, TattleTale claims that the subpoenas will not impose undue burden or expense on Honeywell and TattleTale has narrowly tailored the scope of the information originally sought.  (Mot. to Am. at 6, ECF No. 1-1.)  TattleTale also argues that the protective order in the underlying case could be extended to

Honeywell, thus alleviating any confidentiality concerns. (Mot. to Am. at 7, ECF No. 1-1.) Finally, TattleTale asserts that Honeywell has no basis for its concern that complying with the subpoena will subject it to future intellectual property claims. (Mot. to Am. at 8, ECF No. 1-1.)

Honeywell opposes the motion for several reasons. First, Honeywell argues that the information TattleTale seeks is not relevant. (Opp'n at 11-13, ECF No. 5-1.) Second, Honeywell claims that it carefully guards its sales and revenue data and should not have to produce "sensitive business information" to a competitor. (Opp'n at 14, ECF No. 5-1.) Third, Honeywell claims that it would be significantly burdened if the Court enforced the subpoena. (Opp'n at 16, ECF No. 5-1.) Third, Honeywell claims that "it is unclear whether TattleTale properly served its subpoena" because it was addressed to Honeywell's "mailstop" address, with no affidavit of service. (Opp'n at 5, 17, ECF No. 5-1.) Fourth, Honeywell argues that Tattletale made no effort to minimize the burden upon Honeywell before issuing the subpoena because it calls for the "production of documents to a law firm in Ohio, several states away from where the requested documents reside." (Opp'n at 17, ECF No. 5-1.) In addition, Honeywell argues that it should be awarded attorney's fees because TattleTale failed to conduct a reasonable inquiry to ensure that the information sought was relevant. Honeywell argues that it should not have to incur fees to respond to a subpoena that should not have issued in the first place. (Opp'n at 20, ECF No. 5-1.)

TattleTale argues in its reply that the information it seeks is relevant to its calculation of damages in the underlying legal malpractice action. (Reply at 1, ECF No. 7.) TattleTale contends that, after the motion to compel was filed, it provided Honeywell with expert reports showing that TattleTale's patent covered Honeywell's products. (*Id.* at 2-3, ECF No. 7.)

4

TattleTale also claims that the protective order in the underlying action would serve Honeywell's interest in keeping the information confidential, and an attorney-eyes-only provision is impractical and unnecessary. (*Id.* at 5, ECF No. 7.) In addition, TattleTale argues that the subpoena is not burdensome, and any burden is outweighed by the information's relevance and TattleTale's need for it. (*Id.* at 7, ECF No. 7.) Finally, TattleTale contends that "Honeywell has clearly been served with the subpoena" and "location of production is irrelevant because the information would undoubtedly be in email form or can otherwise be retrieved in New Jersey." (*Id.* at 7, ECF No. 7.)

The Court now turns to TattleTale's motion to compel.

## II.  DISCUSSION

### A.  Standard of Review

The Federal Rules of Civil Procedure allow for broad discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Discovery of documents from a nonparty may be achieved under Rule 45. *See* Fed. R. Civ. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection.") A subpoena under Rule 45 "must fall within the scope of proper discovery under Fed. R. Civ. P. 26(b)(1)." *OMS Invs., Inc. v. Lebanon Seaboard Corp.*, No. 08-2681, 2008 WL 4952445, *2 (D.N.J. Nov. 18, 2008). Rule 45 also directs that "[a] subpoena must issue . . . for production or inspection, if separate from a subpoena commanding a person's attendance, from the court for the district where the production or inspection is to be made." Fed. R. Civ. P. 45(a)(2)(C).

Rule 45 bestows "broad enforcement powers upon the court to ensure compliance with

subpoenas, while avoiding unfair prejudice to persons who are the subject of a subpoena's commands." *Lefta Assocs. v. Hurley*, No. 1:09-cv-2487, 2011 WL 1793265, *2 (M.D. Pa. May 11, 2011). For example, Rule 45(c)(1) expressly states that the court issuing the subpoena must enforce the duty of the "party or attorney responsible for issuing and serving a subpoena" to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(c)(1). The court has broad discretion regarding the enforcement of subpoenas. *Lefta Assocs.*, 2011 WL 1793265 at *2. The court issuing the subpoena may impose appropriate sanctions, including attorney's fees, on parties or attorneys who fail to comply with the Rule's directives. *See* Fed. F. Civ. P. 45(c)(1).

### B. Jurisdiction

As an initial matter, the Court must address whether it has jurisdiction to enforce the subpoena in this case. As noted above, the Court ordered the parties to submit supplemental memoranda addressing this Court's jurisdiction to enforce the subpoena or to resolve the motion to compel. (Order, Mar. 8, 2012, ECF No. 8.) In this case, TattleTale issued a subpoena from the United States District Court for the District of New Jersey. (Mot. to Compel Ex. A, ECF No. 1-2.) The place on the subpoena for production of the documents is Columbus, Ohio. (*Id.*) Honeywell argues in its supplemental briefing that "[b]ecause the subpoena commands the production of documents outside the issuing district, it is facially defective and should be quashed." (Letter Br. at 1, ECF No. 9.)

Rule 45 directs that "[a] subpoena must issue . . . for production or inspection, if separate from a subpoena commanding a person's attendance, from the court for the district where the production or inspection is to be made." Fed. R. Civ. P. 45(a)(2)(C). Courts have differed in

their interpretation of this provision.

In *Hay Group, Inc. v. E.B.S. Acquisition Corp.*, the Third Circuit addressed Rule 45(a)(2), and whether a court may enforce a subpoena on a non-party for the production of documents located outside the court's territorial jurisdiction. *Hay Group, Inc. v. E.B.S. Acquisition Corp.*, 360 F.3d 404, 411 (3d Cir. 2004). The Third Circuit explained that, where a subpoena calls only for the "production" of documents, Rule 45(a)(2) requires that it "shall issue from the court for the district in which the production or inspection is to be made." *Id.* at 412. The Court found that "'[p]roduction' refers to the delivery of documents, not their retrieval, and therefore 'the district in which the production . . . is to be made' is not the district in which the documents are housed but the district in which the subpoenaed party is required to turn them over." *Id.* (quoting Fed. R. Civ. P. 45(a)(2)). Although the factual circumstances of the subpoena challenged in *Hay Group* differ from the instant matter, the Third Circuit's interpretation of the Rule 45's language is instructive here.

Several courts applying a strict interpretation of Rule 45(a)(2)(C) have held that "the court to properly issue a Rule 45 document subpoena is the court where the documents will *ultimately* end up." *Oracle, USA, Inc. v. SAP AG*, No. 08-cv-02383, 2009 WL 1011321, at *2 (D. Colo. Apr. 14, 2009) (emphasis in original). *See, e.g., Ace Hardware Corp. v. Celebration Ace Hardware, LLC*, No. 09-cv-66, 2009 WL 3242561, at *3 (D. Del. Oct. 8, 2009) (holding that subpoena issued out of District of Delaware to entity in the district, but listing Illinois as place for documents to be produced, was defective and must be quashed); *Highland Tank & Mfg. Co. v. PS Int'l, Inc.*, 227 F.R.D. 374, 379 (W.D. Pa. 2005) ("[I]n order to assure production of documents from a nonparty witness, the subpoena should command production in the district

court where the witness resides or where the headquarters of the witness are located."); *Monsanto Co. v. Victory Wholesale Grocers*, No. mc 08-134, 2008 WL 2066449, at *3-4 (E.D.N.Y. May 14, 2008) (holding subpoena facially invalid under Rule 45(a)(2)(C) where it commanded production at law office in Southern District of New York but issued from the Eastern District of New York); *Hickman v. Hocking*, No. 07-829, 2009 WL 35283, at *1 (S.D. Ill. Jan. 6, 2009) (quashing subpoena demanding production of documents outside of issuing district); *Oracle, USA, Inc. v. SAP AG*, 2009 WL 1011321, at *2 (holding that subpoena issued by District of Colorado requesting documents residing in Colorado to be produced in Northern District of California was "fundamentally flawed" and must be quashed because court lacked authority to enforce such a subpoena).

One court in this circuit considered such a strict reading of Rule 45(a)(2)(C) to be "hypertechnical." *City of St. Petersburg v. Total Containment, Inc.*, No. 06-20953, 2008 WL 1995298, at *3 (E.D. Pa. May 5, 2008) (finding that "the geographic limitation in Rule 45(a)(2)(C) relates principally to the location *of the documents to be produced*, rather than the specified location on the subpoena") (emphasis in original). However, that decision is not binding on this Court, which agrees with the decision of another court in this circuit, *Ace Hardware Corporation v. Celebration Ace Hardware, LLC.*, along with the many cases cited therein, and finds that the subpoena issued to Honeywell is facially invalid. *Ace Hardware Corporation v. Celebration Ace Hardware, LLC.*, Civ. No. 09-66, 2009 WL 3242561 (D. Del. Oct. 8, 2009).

In *Ace Hardware*, non-party Delaware Sterling, located in Newark, Delaware, was served with a subpona issued out of the District of Delaware. *Id.* at *1.  The subpoena requested

documents related to an action in the United States District Court for the Northern District of Illinois and commanded the production of the documents at a law firm in Naperville, Illinois. *Id.* The court found the subpoena to be facially defective. The court quoted the Third Circuit's finding that "when a subpoena calls only for the production or inspection of documents 'production' refers to the delivery of documents, not their retrieval" and "the district in which the production . . . is to be made is not the district in which the documents are housed but the district in which the subpoenaed party is required to turn them over." *Id.* at *3 (quoting *Hay Group, Inc.*, 360 F.3d at 412) (quotations omitted). The court held that the subpoena issued to non-party Delaware Sterling was "void or invalid on its face under Rule 45 because [the] court could not compel the return of documents outside its jurisdiction." *Id.* The court held that the subpoena, which was issued out of the District of Delaware and called for the production of documents in the Northern District of Illinois, was "fundamentally defective" and must be quashed. *Id.* at *4.

   Applying this analysis to the instant case, the District of New Jersey is not the proper court to issue a subpoena calling for the production of documents in Columbus, Ohio. Therefore, the subpoena served on Honeywell is facially defective and unenforceable. Although Honeywell and the documents TattleTale seeks are within this Court's jurisdiction, the subpoena calls for the documents to be produced in Columbus, Ohio. (Mot. to Compel Ex. A, ECF No. 1-2.) Because TattleTale's subpoena calls for the production of documents to be made in Columbus, Ohio, not in the territorial jurisdiction of this Court, it is facially defective and unenforceable. *See Echostar Commc'ns Corp. v. The News Corp., Ltd.*, 180 F.R.D. 391, 396-97 (D. Colo. 1998) (explaining that a court simply having jurisdiction over non-parties does not make it "the most

appropriate forum for either issuance or enforcement of subpoenas").

The Court also finds that it cannot amend the subpoena or waive this defect. In its reply brief, TattleTale argues that "location of production is irrelevant because the information would undoubtedly be in email form or can otherwise be retrieved in New Jersey." (*Id.* at 7, ECF No. 7.) However, a subpoena issued from the wrong court is "void or invalid on its face under Rule 45" and cannot be amended by the court. *Doe I v. Pauliewalnuts*, No. 5:08MC00001, 2008 WL 4326473, at *2 (W.D. Va. Sept. 19, 2008); *Hallamore Corp. v. Capco Steel Corp.*, No. 08-cv-00075S, 259 F.R.D. 76, 80 (D. Del. 2009) (finding subpoena issued from incorrect district "invalid, unenforceable and [could] not be amended"). Even if TattleTale is willing to retrieve the documents in New Jersey, this Court may not enforce the incorrectly issued subpoena. Thus, TattleTale's motion to compel must be denied and the Court cannot rule on its merits.

### C. Defective Service

Honeywell contends that "whether or how the subpoena was served" is unclear, and even though Honeywell received the subpoena on or around September 7, 2011, the Court should not enforce it because it is uncertain whether it was properly served. (Opp'n at 5, 17-18, ECF No. 5-1.) Having determined that the subpoena was wrongly issued for the reasons set forth above, the Court need not reach this issue.

### D. Attorney's Fees

Honeywell argues that it should be awarded attorney's fees incurred to respond to a subpoena that never should have issued in the first place because TattleTale failed to assure itself that the documents requested were relevant. (Opp'n at 18, ECF No. 5-1.) TattleTale claims that Honeywell has failed to show that the subpoenaed information is not relevant or that producing it

would cause any undue burden to Honeywell; therefore, attorney's fees are inappropriate.  (Reply at 8, ECF No. 7.)

Rule 45(c)(1) requires the party serving a subpoena to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."  Fed. R. Civ. P. 45(c)(1).  The court "must enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply."  *Id.*  Attorney fees are generally awarded "only in the most egregious of situations involving persistent or repeat offenders who abuse the court's subpoena power."  *Lefta Assocs. v. Hurley*, No. 1:09-cv-2487, 2011 WL 1793265, *4 (M.D. Pa. May 11, 2011).  *See also SAJ Distributors, Inc. v. Sandoz, Inc.*, No. 08-1866 (JAP), 2008 WL 2668953, at *3 (D.N.J. June 27, 2008) (explaining that attorney's fees are only awarded in egregious circumstances, "such as when a party has clearly breached Rule 45").  Courts have also held that "[a] nonparty's legal fees, *especially where the work benefits the requesting party*, have been considered a cost of compliance and may be subject to reimbursement."  *Lefta Assocs.*, 2011 WL 1793265, at * 4 (quoting *In re Automotive Refinishing Paint*, 229 F.R.D. 482, 496 (E.D. Pa. 2005) (alteration and emphasis in *Lefta Assocs.*)).

For the reasons stated above, the Court does not reach the merits of the motion to compel, including the issue of whether the subpoena imposes an undue burden on Honeywell.  Honeywell has not shown egregious behavior or repeated violations of Rule 45 by TattleTale.  In addition, Honeywell has also not shown that its legal fees arise out of work engaged in for TattleTale's benefit.  Thus far, TattleTale has not produced any documents.  Any of Honeywell's legal fees relate to its efforts to protect its own interests regarding the subpoena.  Therefore, Honeywell's

request for attorney's fees will be denied.

### III.  CONCLUSION

For the reasons stated above, TattleTale's motion to compel Honeywell International to comply with the subpoena issued in this case is denied.  An appropriate order will issue.

<em>s/ Michael A. Hammer</em><br>UNITED STATES MAGISTRATE JUDGE